STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 1513

DENNIS D. THOMAS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: SEP 2 1 2020

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C682491 • Section 22

The Honorable Timothy Kelley, Judge Presiding

* * * * * * *

Dennis D. Thomas, #533237          APPELLANT,
Louisiana State Penitentiary       PLAINTIFF—*Pro Se*
Angola, Louisiana


Heather C. Hood                    ATTORNEY FOR APPELLEE,
Baton Rouge, Louisiana             DEFENDANT—Louisiana
                                   Department of Public
                                   Safety and Corrections



* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

Dennis D. Thomas, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") and confined to the Louisiana State Penitentiary in Angola, Louisiana, appeals a judgment of the district court dismissing his petition for judicial review of Disciplinary Board Appeal No. LSP-2019-0110.

Thomas was issued a disciplinary rule violation report for a simple fight in violation of Rule #10 of the Disciplinary Rules and Procedures for Adult Inmates. Following a hearing before the prison disciplinary board on March 27, 2019, Thomas was found guilty of the offense. The penalty imposed was a quarters change to extended lockdown single man cell and twelve weeks of loss of yard privileges. He appealed that decision to the Warden, and the appeal was denied.[1]

Thomas then filed a petition for judicial review in the district court. The commissioner assigned to the matter issued a screening report recommending that Thomas' petition be dismissed for its failure to state a cause of action for which relief could be granted. In the commissioner's report, the commissioner noted that the only penalty imposed was a quarters change and twelve weeks loss of yard privilege and that Thomas was afforded a hearing before the disciplinary board and an appeal of that ruling to the Warden. The commissioner further noted that the penalty imposed was a valid, authorized penalty for the rule violated by Thomas and that it did not affect the length of Thomas's sentence or present any other drastic departure from expected prison life. Therefore, the commissioner found that Thomas failed to set forth a substantial right violation and, as such, the district court lacked authority to intervene, reverse, or otherwise review the claims made

---

[1] The Warden's decision constituted the final decision of the Department. Due to the penalty imposed, Thomas could not appeal to the Secretary of the Department because the Secretary will only consider appeals from decisions that resulted in the imposed or suspended sentences of the following penalties: (1) forfeiture of good time; (2) custody change from minimum to medium if it involves transfer to another institution; (3) custody change to maximum; (4) failure to earn incentive wages; or (5) restitution.

2

by Thomas. Based on this finding, the commissioner recommended that the district court dismiss Thomas's suit with prejudice, at his cost, pursuant to La. R.S. 15:1177(A)(5) and (9), for failing to raise a substantial rights violation and thus, failing to state a cause of action or raise a cognizable claim. Thereafter, on September 20, 2019, the district court issued and signed a judgment in conformity with the recommendation of the commissioner, dismissing Thomas's suit with prejudice.

After a thorough review of the record, we find no error in the judgment of the district court or in the analysis and conclusions of the commissioner, which the district court adopted. As recognized by the commissioner's report, in order for the district court to reverse or modify the decision of the Department, Thomas had to first show how his substantial rights were prejudiced by the decision. See La. R.S. 15:1177(A)(9).[2] The disciplinary sentence of a quarters change and twelve weeks loss of yard privileges is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Thomas's substantial rights. In the absence of prejudice to Thomas's substantial rights, modification or reversal of the disciplinary action by the district court (or this court) is not

---

[2] Louisiana Revised Statutes 15:1177(A)(9) provides, in pertinent part:

The court may reverse or modify the decision [of the Department] **only if substantial rights of the appellant have been prejudiced** because the administrative findings, inferences, conclusions, or decisions are:

a. In violation of constitutional or statutory provisions.

b. In excess of the statutory authority of the agency.

c. Made upon unlawful procedure.

d. Affected by other error of law.

e. Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

f. Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. ...

(Emphasis added).

3

warranted under the law. Therefore, we affirm the judgment of the district court, dismissing Thomas' petition for judicial review of disciplinary board LSP-2019-0110 and issue this opinion in accordance with Uniform Rules—Courts of Appeal, Rule 2—16.2(A)(2), (5), and (6). Costs of this appeal are assessed to the appellant, Dennis D. Thomas.

**AFFIRMED.**